UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

ADAM B. SHOULTS                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 5:15-CV-P77-TBR

RANDY WHITE                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Adam B. Shoults, filed a *pro se*, *in forma pauperis* complaint pursuant to 42

U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v.*

*Bock*, 549 U.S. 199 (2007).

## I. SUMMARY OF CLAIMS

Plaintiff is a prisoner at the Kentucky State Penitentiary (KSP).  He names as Defendant

Randy White, the Warden at KSP.  Plaintiff alleges that he has suffered from verbal abuse from

the staff.  He complains that he gets "convicted of everything and I always get segregation hole

time everytime."  He states that he filed "complaints to medical about my chest pains I've been

having and the correct proceed was for me to go to outside hospital is not being due."  Plaintiff

further states:  "it's not good that I be at this prison because I fear for my safety and am scared

that this prison is out to get me and harm me."  As relief, he requests only "release[] from

imprisonment or probate the rest of my sentence."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, the Court finds that the instant action is frivolous.  Relief in the form of release from custody is not available through an action filed pursuant to § 1983.  *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973); *Alstatt v. Smith*, No. 91-579, 1991 WL 193747, at *2 (6th Cir. Oct. 1, 1991); *see also Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) ("If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option."); *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("Assuming *arguendo* that his allegations of mistreatment demonstrate cruel and unusual punishment, the petitioner still would not be entitled to release from prison.  The appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing him cruel and unusual punishment.").  Simply put, dismissal of the complaint is warranted because "[r]elease

from custody . . . is not among the remedies available to a prevailing party under § 1983."
*Dillard v. Yustas*, No. 5:09SC-P69-R, 2009 WL 1458227, at *2 (W.D. Ky. May 22, 2009).

### III. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, this action is subject to dismissal because Plaintiff cannot obtain the relief he seeks in this § 1983 action.  Additionally, the Court notes that Plaintiff has not provided sufficient details surrounding his claims.  However, the Court will allow Plaintiff to amend his complaint.  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").  Therefore,

**IT IS ORDERED** that unless **within 30 days** from entry of this Memorandum Opinion and Order, Plaintiff amends his complaint to state a claim entitling him to relief under § 1983, the Court **will DISMISS this case with prejudice**.

The Clerk of Court is **DIRECTED** to send to Plaintiff a § 1983 form with this case number affixed thereto.

Date:

cc:      Plaintiff, *pro se*
4413.009